IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| J&J Sports Productions Inc., ) | |
| ) | Civil Action No. 7:11-CV-3060-HMH-JDA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Latin America Club, d/b/a Acapulco ) | |
| Cafe; Antonio Rameriz, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion to dismiss filed by Defendant Antonio Rameriz ("Rameriz"). [Doc. 36.] Rameriz contends he is neither the owner nor the operator of Defendant Latin America Club ("Latin America Club"); he is merely the owner of the building where Latin America Club's business, Acapulco Cafe, is located. [*Id.*] The Court construes the motion to be one pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving a pro se litigant are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Plaintiff filed this action on November 9, 2011, pursuant to the Communications Act of 1934 ("the Communications Act"), as amended, 47 U.S.C. § 605, and the Cable & Television Consumer Protection Competition Act of 1992 ("the Cable and Television Act"),

as amended, 47 U.S.C. § 553, alleging Latin American Club[1] and Rameriz, participated or engaged in the unauthorized interception, receipt, and exhibition of *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program* ("the Program"), for which Plaintiff was granted the exclusive, nationwide television distribution rights. [Doc. 1.] On March 20, 2012, Rameriz filed a motion to dismiss, alleging he is neither the owner nor the operator of Latin America Club; he is merely the owner of the building where Latin America Club's business, Acapulco Cafe, is located. [Doc. 36.] Rameriz alleges the building is rented by Luz Henderson, also known as Luz Colesio ("Henderson"), who owns and operates the business. [*Id.*] Rameriz further alleges Gloria Matinez ("Martinez"), an employee of Henderson, could attest that Rameriz neither owned nor operated Latin America Club.[2]

On March 27, 2012, Plaintiff filed a response in opposition to Defendant's motion to dismiss. [Doc. 40.] Plaintiff submitted a copy from the online database of Latin America Club's registration with the South Carolina Secretary of State, which lists Rameriz as the registered agent of Latin American Club. [Doc. 40-1.] Plaintiff also submitted records from the South Carolina Department of Revenue for an alcoholic beverage license for Latin

---

[1]An entry of default was made as to Latin American Club on January 20, 2012. [Doc. 30.]

[2]Rameriz did not, however, provide an affidavit or other sworn testimony of Ms. Henderson or Ms. Martinez to support his allegations.

2

America Club; one page of the records is a consent and waiver form that was required to be completed by the business's principals, and Rameriz completed the form. [Doc. 40-2].

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Rameriz is proceeding pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. However, the mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the pro se party could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the pro se party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader

4

wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

**DISCUSSION**

The Cable and Television Act prohibits "[u]nauthorized interception or receipt or assistance in interception or receiving service," including intercepting, receiving, or assisting in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as otherwise specifically authorized by law. 47 U.S.C. § 553(a). The statute also provides a private right of action for persons aggrieved by violations of its provisions, including actions for damages. *Id.* § 533(c). The Communications Act provides that "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception." 47 U.S.C. § 605(a). Section 605(e)(3) provides for a private right of action for violations, including recovery of actual or statutory damages.

Plaintiff alleges that, upon information and belief, Rameriz is "the president, owner, member, principal, alter ego, manager, agent, and/or other representative of the Defendant, Latin American Club, and that he is vicariously liable in his individual capacity for the civil wrongs of said corporation and/or said establishment." [Doc. 1 ¶ 8.] Plaintiff further alleges Rameriz "did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the address of the establishment." [*Id.* ¶ 15.] Plaintiff also alleges

5

Rameriz "had the right and ability to supervise the said misconduct and had an obvious and direct financial interest in the misconduct." [*Id.* ¶ 17.] Plaintiff alleges Rameriz's actions violated 47 U.S.C. §§ 553 and 605. [*Id.* ¶¶ 20, 25.]

Viewing the allegations in a light most favorable to Plaintiff, but also liberally construing Rameriz's arguments, the Court finds Plaintiff has sufficiently stated a claim against Rameriz for violation of the Communications Act and the Cable and Television Act. Specifically, upon consideration of the public records[3] available from the Department of Revenue and provided by Plaintiff in its response in opposition, it is clear Rameriz's involvement with Latin American Club is more than that of building owner. The records from the Department of Revenue show that, in order to apply for an alcohol license, the application must be signed by a "principal" of the applicant. The application provides various definitions of "principal types," including the following:

    1.    The owner (if a sole proprietorship);

---

[3] The Fourth Circuit has recognized that courts can take judicial notice of public information without converting a Rule 12(b)(6) motion into a motion for summary judgment, stating, "In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). Courts in the District of South Carolina have routinely considered public records in deciding Rule 12(b)(6) motions to dismiss. *See, e.g.*, *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550–51 (D.S.C. 2008) (noting the court could consider a police report when ruling on a Rule 12(b)(6) motion because the report was a matter of public record); *Tobin v. Bodman*, No. 1:06-492-RBH, 2007 WL 1068253, at *2 (D.S.C. Mar. 29, 2007) ("[T]he Court may take judicial notice of items of public record on a motion to dismiss under Rule 12(b)(6)." (citation omitted)); *Larch v. Gintoli*, No. 8:041962CMCBH, 2006 WL 895019, at *2 (D.S.C. Mar. 31, 2006) (including exhibits attached to the defendants' Rule 12(b)(6) motion in considering the motion because the exhibits were public records from an earlier state court action and the plaintiff based his action in federal court on the dismissal of the state court action).

2. All officers of the business or entity which owns the business;
3. All partners (limited partners that cannot exercise management control need not sign);
4. All persons who own twenty-five percent (25%) or more of the value of the business entity;
5. All persons who own twenty-five percent (25%) or more of the combined voting power of the business or entity;
6. Managers of a limited liability company which is managed by managers;
7. Members of a limited liability company which is not managed by managers;
8. Any fiduciary who manages, controls title, or is otherwise in control of business;
9. All employees who will have day-to-day operational management responsibility for the business or entity;
10. If a publicly traded corporation, the designated license holder (designated agent) (must be over 21 and a resident of S.C.).
11. If not a publicly traded corporation, list all stockholders.
12. If a nonprofit organization, list all officers and directors of the organization.

[Doc. 40-2 at 3.] The only signature on the Latin American Club's application for an alcohol license is that of Rameriz, which contradicts his contention that he is merely the building owner. Accordingly, the Court finds Plaintiff has pled sufficient facts to state a claim against Rameriz under the Communications Act and the Cable and Television Act, and therefore, the Complaint should not be dismissed at this time.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Rameriz's motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

April 12, 2012  
Greenville, South Carolina